UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
HECTOR MORA, VICTORINO
GALLARDO, RAUL REYES, ADAN
HERNANDEZ-RIVEROS, NEPTALI
AGUERO, and EDY HERNANDEZ,
*individually and on behalf of all other
collective persons similarly situated*,

         Plaintiffs,

   -against-

BAREBURGER GROUP LLC,
BAREBURGER, INC., NGM
MANAGEMENT GROUP LLC,
COLUMBUS VILLAGE LLC, BARE
BURGER DIO INC., FIDI DISTRICT
LLC, EURIDIPES PELEKANOS,
GEORGE RODAS, GEORGE
HADJIPANAYI, MICHAEL PITSINOS,
EFTYCHIOS PELEKANOS,
GEORGIOS DELLIS, EAST SIDE
BURGERS, LLC, and GEORGE
TZANIDAKIS,

         Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 16-CV-04373 (FB) (RML)

Appearances:
*For the Plaintiffs:*
C.K. Lee
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016

*For the Defendants:*
Jeffrey Alan Meyer
Kaufman, Dolowich, Voluck LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

1

**BLOCK, Senior District Judge:**

Plaintiffs are pursuing a collective action under the Fair Labor and Standards Act. On May 18, 2018, counsel reported that the parties have been able to reach a settlement, and counsel for all parties submitted Consents to Jurisdiction by a United States Magistrate Judge. Shortly thereafter, this Court assigned the case to Magistrate Judge Robert M. Levy for all further proceedings, including the entry of final judgment.

On June 7, the Magistrate Judge held a conference call at which counsel Clara Lam explained that she had been unable to reach two of her clients—named plaintiff Adan Hernandez-Riveros and opt-in plaintiff Balla Niambele—since mid-April. Accordingly, the Magistrate Judge held that the May 18 Consents to Jurisdiction were ineffective as to those parties and that he did not have jurisdiction over their claims for the purposes of settlement or voluntary dismissal. He ordered counsel to continue trying to reach the parties, but plaintiffs' counsel C.K. Lee informed the Court that the firm had still been unable to reach either one despite trying for over a week through the various means the Magistrate Judge had instructed counsel to use.

The settlement is unable to proceed without a resolution as to these parties' involvement because by its terms it depends on their participation or withdrawal. Thus, on July 12, the Magistrate Judge *sua sponte* issued a Report and

Recommendation that Hernandez-Riveros's and Niambele's claims be dismissed without prejudice for lack of prosecution.

On July 26, exactly fourteen days after the issuance of the Report and Recommendation, Lee informed the Court that he was able to reach Niambele (but not Hernandez-Riversos), and that Niambele still wishes to participate in the action. He therefore objected to the Report and Recommendation insofar as it pertained to the dismissal of Niambele's claims.

The Court sustains the timely objection. The Court therefore partially adopts the Report and Recommendation as it pertains to Hernandez-Riveros and partially declines to adopt it as pertains to Niambele. Furthermore, the objection is construed as a ratification of the earlier Consent to Jurisdiction by Niambele, which had been signed without his authorization. Magistrate Judge Levy continues to have jurisdiction over all further proceedings, including the request for approval of settlement agreements. *See* Dkt. No. 91.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 11, 2018