UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HECTOR MORA *et. al.*,

                Plaintiffs,

   -against-

BAREBURGER GROUP LLC *et. al.*,

                Defendants.
----------------------------------------------------------X

MEMORANDUM
AND ORDER
16 CV 4373 (RML)

LEVY, United States Magistrate Judge:

        Named plaintiffs Hector Mora, Victorino Gallardo, and Raul Reyes[1] commenced this action against multiple groups of employer-defendants[2] on August 4, 2016, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and the New York Labor Law. (See Complaint, dated Aug. 4, 2016, Dkt. No. 1; see also Amended Complaint, dated Feb. 28, 2017, Dkt. No. 35.) In October 2017, I granted plaintiffs' motion, on consent, for conditional certification of a collective action. (See Orders, dated Oct. 4, 2017 and Oct. 5, 2017.) Since that time, opt-in plaintiffs Johan Gomez, Constantino Maximo, Tomas Cuin, Ricardo Morales, Jose Juan Maya Alvarez, Angel Ortega Almonte, Alejandro Grajales, Cirilo Olivier Garcia, Domingo Eduardo Gomez Martinez, Octavio Aaron Lopez, Jose Perez, and Herson Torres have consented to join the action. (See Consent Forms, Dkt. Nos. 56-70.) The parties have consented to magistrate judge jurisdiction. (See Consent to Jurisdiction by U.S. Magistrate Judge, dated May

---

[1] Additional named plaintiffs have either settled or had their claims dismissed.

[2] For the purposes of this Memorandum and Order, the "NGM defendants" will refer to NGM Management Group LLC, Columbus Village LLC, George Hadjipanayi, and Michael Pitsinos. The "Corporate defendants" will refer to Bareburger Group LLC, Bare Burger Dio Inc., Euripides Pelekanos, George Rodas, Eftychios Pelekanos, and Georgios Dellis. Additional defendants named in the original and amended complaints are not relevant to this motion.

18, 2018, Dkt. No. 76; Order dated June 11, 2018; Order, dated June 20, 2018; Sua Sponte Report and Recommendation, dated July 12, 2018, Dkt. No. 88; Order Partially Adopting Report and Recommendation, dated Oct. 11, 2018, Dkt. No. 93.)

On April 19, 2018, representatives for plaintiffs, the NGM defendants, and the Corporate defendants[3] attended a private mediation at which a settlement in principle was reached and memorialized in a term sheet (the "Term Sheet").[4]  (See Memorandum in Support of Motion to Compel Enforcement, dated Feb. 24, 2020 ("Pls.' Mem."), Dkt. No. 123, at 1; Corporate Defendants' Memorandum in Opposition to Motion to Compel Enforcement, dated Mar. 6, 2020 ("Corporate Opp."), Dkt. No. 125-1, at 5-6; NGM Defendants' Memorandum in Opposition to Motion to Compel Enforcement, dated Mar. 16, 2020 ("NGM Opp."), Dkt. No. 126, at 3-4.)  Shortly thereafter, the parties filed a status report indicating that a settlement had been reached and that an agreement would be submitted for fairness review pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015) by May 30, 2018.  (See Letter of C.K. Lee, Esq., dated Apr. 30, 2018, Dkt. No. 74.)  This court granted the parties numerous extensions of time, but the settlement agreement was never filed for Cheeks review.

On January 17, 2019, Jeffery Meyer, who had originally represented the NGM and Corporate defendants, informed the court that he was unable to obtain an executed

---

[3] Also represented at the mediation were then-plaintiff Adan Hernandez-Riveros, whose claims have since been dismissed for failure to prosecute, and defendants Bareburger, Inc. and Fidi District LLC, which have since been dismissed from the case.  (See NGM Defendants' Memorandum in Opposition to Motion to Compel Enforcement, dated Mar. 16, 2020, Dkt. No. 126, at 3; see also Order Partially Adopting Report and Recommendation, dated Oct. 11, 2018, Dkt. No. 93; Stipulation of Voluntary Dismissal, dated Sept. 3, 2019, Dkt. No. 113.)

[4] Plaintiffs' Memorandum of Law states that a copy of the Term Sheet "is to be filed *in camera* with the Court."  (See Memorandum in Support of Motion to Compel Enforcement, dated Feb. 24, 2020, Dkt. No. 123, at 1 n.1).  To date, the court has not received a copy of the Term Sheet.

settlement agreement from his clients and that he and his firm would shortly be filing a motion to withdraw as counsel, for reasons relating to the inability to execute the settlement. (See Letter of Jeffery A. Meyer, Esq., dated Jan. 17, 2019, Dkt. No. 100.) Mr. Meyer filed his motion to withdraw on March 29, 2019 and I granted it on April 12, 2019. (See Motion to Withdraw as Counsel, dated Mar. 29, 2019, Dkt. No. 102; Order, dated Apr. 12, 2019.) The NGM and Corporate defendants subsequently obtained separate representation and the litigation continued, the settlement seemingly abandoned. (See Letter of C.K. Lee, Esq., dated Feb. 12, 2019, Dkt. No. 101) (writing "to inform the Court that the parties shall continue to litigate the above-referenced matter since there is no settlement," requesting two weeks' time following the appearance of new counsel for the parties to meet and confer regarding a new discovery schedule, and asserting that "[b]ecause mediation was unsuccessful, the parties' position should revert as if no settlement had been attempted"); Minute Entry, dated June 25, 2019 (directing the parties to submit a proposed discovery schedule by July 12, 2019); see also Motion for Extension of Time to File Discovery Schedule, dated July 9, 2019, Dkt. No. 110; Status Report and Proposed Discovery Schedule, dated July 27, 2019, Dkt. No. 112.)

On October 31, 2019, I referred the case to court-annexed mediation and, on January 13, 2020, plaintiffs, the NGM defendants, and the Corporate defendants appeared for a second mediation. (See Order Referring Case to Mediation, dated Oct. 31, 2019; Selection of Mediator, dated Nov. 14, 2019, Dkt. No. 119.) On February 7, 2020, the parties filed a status report stating that they were unable to reach a settlement. (See Status Report, dated Feb. 7, 2019, Dkt. No. 121.) In the same status report, plaintiffs' counsel, C.K. Lee, stated that he intended to file a motion to enforce the Term Sheet and, with the consent of the NGM and Corporate defendants, requested that discovery be stayed pending the outcome of that motion. (See id.) I

3

granted the motion to stay discovery and adopted the parties' proposed briefing schedule. (See Order, dated Feb. 11, 2020.) On February 24, 2020, plaintiffs filed the instant motion, seeking enforcement of the Term Sheet, attorney's fees, and interest. (See Pl.'s Mem.) The NGM and Corporate defendants each oppose plaintiffs' motion. (See NGM Opp.; Corporate Opp.)

Ultimately dispositive is the type of settlement agreement at issue here: an FLSA settlement agreement. In Cheeks, the Second Circuit held that district court or Department of Labor approval is required for all stipulated dismissals of FLSA actions with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). 796 F.3d at 206. Accordingly, "an agreement to settle FLSA claims does not become enforceable until it is approved by a district court or the DOL." Hernandez v. Fresh Diet Inc., No. 12 CV 4339, 2017 WL 4838328, at *4 (S.D.N.Y. Oct. 25, 2017); accord Junjiang Ji v. Jling Inc., No. 15 CV 4194, 2019 WL 1441130, at *12 (E.D.N.Y. Mar. 31, 2019) ("In light of the Cheeks requirement that either the Court or the DOL approve any final settlement agreement, all parties here necessarily contemplated that a written agreement would be drafted, executed and approved by the Court. . . . Because the latter two steps never transpired, no final written agreement was consummated, and the settlement agreement is not, and could not be, enforceable under Second Circuit case law."), appeal dismissed, 799 F. App'x 88 (2d Cir. 2020); Velazquez v. Yoh Servs. LLC, No. 17 CV 842, 2017 WL 4404470, at *3 (S.D.N.Y. Sept. 25, 2017) ("[N]o settlement of an FLSA case is enforceable until it has been approved by a federal judge."); Sanchez v. Burgers & Cupcakes, LLC, No. 16 CV 3862, 2017 WL 2171870, at *2 (S.D.N.Y. Mar. 16, 2017) ("In contractual terms, FLSA plaintiffs lack capacity to enter into a binding agreement with the defendant that is not conditioned on court or Department approval."); Lin v. Grand Sichuan 74 ST Inc., No. 15 CV 2950, 2016 WL 5497837, at *1 (S.D.N.Y. June 23, 2016) ("Stipulated dismissals resolving

4

FLSA actions, with prejudice, require the approval of either the district court or the United States Department of Labor in order to take effect. The defendants conceded, during the oral argument on their motion, that no stipulated settlement agreement resolving the instant action was ever presented to the court or the United States Department of Labor for approval. Therefore, the stipulated settlement agreement that the defendants maintain resolved this action never became effective and cannot be enforced." (internal citation omitted)).

Since the Term Sheet was never presented to or approved by this court or the Department of Labor, Cheeks prevents its enforcement.[5] Plaintiffs' motion is therefore denied and the parties are directed to submit a proposed joint schedule for completing discovery within fourteen (14) days of the date of this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
       September 5, 2020

ROBERT M. LEVY
United States Magistrate Judge

---

[5] For this reason, and also because I do not have a copy of the Term Sheet before me, I do not reach the broader question of whether the Term Sheet may otherwise be considered a binding agreement. See Hernandez, 2017 WL 4838328, at *4 (noting that the lack of Cheeks review was "ultimately dispositive" in determining whether an FLSA settlement agreement that had not been submitted to the court for fairness review could be enforced).